# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

| | | |
|---|---|---|
| ARCH INSURANCE COMPANY, | : | CIVIL ACTION |
| Plaintiff/ Counter Defendant, | : | |
| v. | : | |
| DOUGLAS ASPHALT COMPANY, JOEL SPIVEY, and KYLE SPIVEY, | : | |
| | | NO. CV507-38 |
| Defendants/ Counter Claimants. | : | |

## ORDER

Plaintiff, Arch Insurance Company ("Arch"), a commercial surety, filed this diversity action against Defendants, Douglas Asphalt Company ("Douglas Asphalt"), Joel Spivey, and Kyle Spivey, (collectively, "Indemnitors"), seeking specific performance of an indemnity agreement related to Douglas Asphalt's default on numerous Arch-bonded construction projects in Georgia and Florida. Indemnitors filed a counterclaim alleging that Arch breached the terms of the bonding and indemnity agreements. Presently before the Court is Arch's motion for summary judgment.

Summary judgment is appropriate when no genuine issues remain and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the court must construe all facts and reasonable inferences in favor of the non-moving party. Hogan v. Allstate Ins. Co., 361 F.3d 621, 625 (11th Cir. 2004).

There is no dispute that Indemnitors executed the general indemnity agreement in favor of Arch that is at issue in this action (the "Agreement"). However, Indemnitors argue that they are relieved of their obligations under the terms of the Agreement because Arch breached its fiduciary duty by failing to act in good faith. Specifically, Indemnitors allege that Arch acted in bad faith by: (1) failing to assert valid defenses; (2) diverting contract payments without Douglas Asphalt's knowledge; (3) coercing Douglas Asphalt to execute letters of voluntary default; (4) failing to adequately pay project costs; (5) failing to timely take over defaulted projects; (6) conspiring with the Georgia Department of Transportation ("GDOT") to prevent Douglas Asphalt from completing projects; (7) failing to fund and removing Douglas Asphalt from projects; and (8) interfering with and sabotaging

Douglas Asphalt's agreement with the obligee on the Nassau County project.

There is some authority under Georgia law that a surety acts as a fiduciary and, therefore, has a duty to act in good faith and with loyalty. McLendon v. Hartford Accident & Indem. Co., 119 Ga. App. 459, 461, 167 S.E.2d 725, 726 (1969); see also M-Pax, Inc. v. Dependable Ins. Co., Inc., 176 Ga. App. 93, 94, 335 S.E.2d 591, 593 (1985). In determining whether a surety satisfied this duty, "[w]here a decision is left to the discretion of a designated entity, the question is not whether it was in fact erroneous, but whether it was in bad faith, arbitrary or capricious so as to amount to an abuse of that discretion." Transamerica Ins. Co. v. H.V.A.C. Contractors, 857 F. Supp. 969, 975 (11th Cir. 1994) (quoting Reliance Ins. Co. v. Romine, 707 F. Supp. 550, 552 (S.D. Ga. 1989), aff'd, 888 F.2d 1344 (11th Cir. 1989)).

Under the terms of the Agreement in the instant case, Arch had "the exclusive right to decide and determine whether any claim . . . made or brought against Surety on any Bond shall or shall not be paid, compromised, resisted, defended, tried or appealed, and Surety's decision thereon shall be final and binding upon the Indemnitors." (Agreement ¶ 5.)

Therefore, Arch had a duty to act in good faith in the exercise of its exclusive right to settle the bond claims.

There are a few genuine issues as to whether Arch acted in good faith in discharging its payment and performance bond obligations. For example, Indemnitors have offered evidence that Arch directed contract owners to withhold monies due on all Arch-bonded projects without Douglas Asphalt's knowledge while Douglas Asphalt was still working on the projects. (Joel Spivey Dep. 42:11-43:14.) Arch, however, has offered evidence that only monies due on the GDOT defaulted projects were paid to Arch, which then distributed the funds to Douglas Asphalt and other subcontractors. (Latham Dep. 26:2-23.)

In light of the fact that there are some, albeit few, material factual disputes and mindful of the Court's duty to construe the evidence in the light most favorable to the nonmovant, Arch is not entitled to summary judgment. Accordingly, Arch's motion(Doc. No. 20) is **DENIED**.

**SO ORDERED**, this __24th__ day of September, 2008.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA