# United States Court of Appeals
## For the Eleventh Circuit

No. 09-13528

District Court Docket No.
07-00038-CV-5

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Jan 15, 2010
THOMAS K. KAHN
CLERK

ARCH INSURANCE COMPANY,

    Plaintiff-Counter-
    Defendant-Appellee,

versus

DOUGLAS ASPHALT COMPANY,
JOEL SPIVEY,
KYLE SPIVEY,

    Defendants-Counter-
    Claimants-Appellants.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit
By: _____
Deputy Clerk
Atlanta, Georgia

---

Appeal from the United States District Court
for the Southern District of Georgia

---

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

    Entered: January 15, 2010
For the Court: Thomas K. Kahn, Clerk
        By: Gilman, Nancy

ISSUED AS MANDATE
FEB 17 2010
U.S. COURT OF APPEALS
ATLANTA, GA.

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

```
                              FILED
                      U.S. COURT OF APPEALS
                         ELEVENTH CIRCUIT
                           JAN 15, 2010
     No. 09-13528            JOHN LEY
  Non-Argument Calendar     ACTING CLERK
```

D. C. Docket No. 07-00038-CV-5

ARCH INSURANCE COMPANY,

Plaintiff-Counter-
Defendant-Appellee,

versus

DOUGLAS ASPHALT COMPANY,
JOEL SPIVEY,
KYLE SPIVEY,

Defendants-Counter-
Claimants-Appellants.

Appeal from the United States District Court
for the Southern District of Georgia

(January 15, 2010)

Before DUBINA, Chief Judge, CARNES and ANDERSON, Circuit Judges.

PER CURIAM:

The Georgia Department of Transportation ("GDOT") contracted with Douglas Asphalt Company ("Douglas") to perform work on interstate construction projects. Arch Insurance Company ("Arch") executed performance and payment bonds in connection with Douglas's work on the projects, and Douglas, along with Joel Spivey and Kyle Spivey ("the Spiveys"), executed an indemnification agreement in favor of Arch for all losses sustained as a result of having issued bonds on behalf of Douglas. In August 2006, GDOT determined that Douglas was in default on three projects known collectively as the "Southern Triangle" projects, all of which were bonded by Arch, and Arch became responsible for remedying Douglas's default. After the GDOT determined that Douglas was in default on a number of other Arch-bonded projects, on February 2, 2007, Arch exercised its right under the indemnification agreement and ordered Douglas to cease work on all Arch-bonded projects.

Arch filed suit against the Appellants, Douglas and the Spiveys, to recover its losses. Following a four-day bench trial, the district court entered a judgment in favor of Arch in the amount of $88,892,128.15 plus post-judgment interest. The district court also ordered Douglas to comply with the collateral deposit clause of the indemnification agreement and immediately deposit another $40,000,000.00 in

collateral.

The Appellants appeal the Bench Trial Ruling and the judgment entered in favor of the Appellee, Arch, by the district court. The Appellants contend that the district court erred by failing to find that they were relieved from their duty to indemnify Arch based on Arch acting in bad faith in paying claims under the performance and payment bonds it issued on behalf of Douglas. We affirm.

This court reviews the district court's conclusions of law *de novo*. *Fischer v. S/Y Neraida*, 508 F.3d 586, 592 (11th Cir. 2007). The district court's findings of fact, including determinations of the credibility of witnesses and weight of the evidence, are reviewed for clear error. *Id.*

The parties agree that the indemnification agreement is enforceable absent the Appellants demonstrating that Arch exhibited bad faith in paying the claims under the performance and payments bonds. *See Nguyen v. Lumbersmen Mut. Case. Co.*, 261 Ga. App. 553, 555 (2003). Under Georgia law, a finding of bad judgment or negligence is generally not enough to show bad faith. *Id.* Bad faith "imports a dishonest purpose or some moral obliquity, and [it] implies conscious doing of wrong, and means breach of known duty through some motive of interest or ill will." *Id.* (alteration in original). The Appellants assert three examples of Arch acting in bad faith: First, Arch completed the bonded projects at a cost well

above the amount which the Appellants claim that they could have performed the work.  Second, Arch failed to contest Douglas's default and bond obligations. Finally, Arch did not allow Douglas to remain involved in the projects following its default.

Arch's completion of the projects at a higher cost does not demonstrate bad faith.  The district court factually found that Douglas was invited to all meetings between Arch and construction company being considered to complete projects, but that Douglas failed to send representatives to the meetings.  Arch also hired a consulting firm to assist in evaluating and soliciting competitive bids on the projects and only considered other construction companies after determining that Douglas would not be able to complete the projects.  The district court specifically found the testimony regarding Arch's good faith efforts in seeking competitive bids credible.  Further, the Appellants have not presented any evidence to show that the costs were unreasonable, except to claim that they could have done it for less.

Second, the Appellants have not demonstrated that Arch acted in bad faith by failing to contest the defaults.  Under the indemnification agreement, Arch had full discretion in determining whether to defend, settle or pay claims against its bonds.  The agreement also provided that if the Appellants wanted Arch to defend

4

a claim, they were required to deposit collateral to pay any judgment rendered in the course of contesting the default plus interests, costs and attorneys fees. The Appellants have not pointed to any default they properly requested Arch to defend that was not defended by Arch.

Arch's failure to allow Douglas to remain involved in the projects is likewise not evidence of bad faith. The district court made the factual finding that Douglas was involved in the projects through January 2007, and was only excluded following a series of events indicating that Douglas was not financially equipped to complete the projects. Those events included Douglas's default on seven additional GDOT projects bonded by Arch, Douglas's announcement that it was having trouble funding its payroll, and Douglas's failure to post any collateral with Arch, despite its contractual obligation to post $40,000,000.00 in collateral to match the amount of reserve established by Arch. Arch also hired a consulting company to investigate the financial condition of Douglas, and Douglas failed to respond to requests to provide plans to demonstrate that it was capable of completing the projects. Thus, the district court did not err in concluding that Arch's decision to exclude Douglas was not made in bad faith. Accordingly, we find no error and affirm the district court's judgment.

**AFFIRMED.**

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT
BILL OF COSTS

Douglas Asphalt Company*, Joel Spivey and Kyle Spivey
_____
Appellant

vs.

Arch Insurance Company
_____
Appellee

*Stayed as to Douglas Asphalt Company

Appeal No. 09-13528

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 2 8 2010
THOMAS K. KAHN
CLERK

Fed.R.App.P. 39 and 11th Cir. R. 39-1 (see reverse) govern costs which are taxable in this court and the time for filing the Bill of Costs. A motion for leave to file out of time is required for a Bill of Costs not timely received.

INSTRUCTIONS

In the grid below, multiply the number of original pages of each document by the total number of documents reproduced to calculate the total number of copies reproduced. Multiply this number by the cost per copy ($.15 per copy for "In-House", up to $.25 per copy for commercial reproduction, supported by receipts) showing the product as costs requested.

| DOCUMENT | Repro. Method (Mark One) | | No. of Original Pages | Total No. Documents Reproduced | Total No. of Copies | COSTS REQUESTED | CT. USE ONLY COSTS ALLOWED |
|---|---|---|---|---|---|---|---|
| | In-House | Comm* | | | | | |
| Appellant's Brief | | | | | | | |
| Record Excerpts | | | | | | | |
| Appellee's Brief | X | | 41 | 8 | 328 | $49.20 | 49.20 |
| Reply Brief | | | | | | | |
| Binding | | X | | 8 | | $21.60 | 21.60 |
| Courier of Original Exhibits | | X | | 1 | | $27.44 | –0– |
| *Note: If reproduction was done commercially, receipt(s) must be attached. | | | | | TOTAL | $98.24 REQUESTED | $70.80 ALLOWED |

I hereby swear or affirm that the costs claimed were actually and necessarily incurred or performed in this appeal and that I have served this Bill of Costs on counsel/parties of record.

Date Signed: January 27, 2010

Signature: David A. H___

Attorney for: Arch Insurance Company
(Type or print name of client)

Attorney Name: David A. Harris
(Type or print your name)

A True Copy - Attested
Clerk U.S. Court of Appeals
Eleventh Circuit
By: _____
Deputy Clerk
Atlanta, Georgia

FOR COURT USE ONLY

Costs are hereby taxed in the amount of $ __$70.80__ against __Appellant__

and are payable directly to __Appellee__

FEB 1 7 2010
Issued on: _____

Thomas K. Kahn, Clerk
By: Tina Patterson
Deputy Clerk

MISC-12
(12/07)